John Lynn Smith (SBN 154657)
Email: jlsmith@reedsmith.com
Julia Butler (SBN 199133)
Email: jbutler@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for
Kinder Morgan Energy Partners, L.P.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

*Orange County Water District v. Unocal Corporation, et al.*
Case No. 04 Civ. 4968 (SAS)

Case No.:

**NON-PARTY KINDER MORGAN ENERGY PARTNERS, L.P.'S NOTICE OF MOTION AND MOTION TO QUASH THE SUBPOENA SERVED BY THE ORANGE COUNTY WATER DISTRICT AND REQUEST FOR SANCTIONS OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*[FILED CONCURRENTLY WITH PROPOSED ORDER AND DECLARATION OF JULIA C. BUTLER IN SUPPORT THEREOF]*

**NOTICE OF MOTION AND MOTION OF NON-PARTY KINDER MORGAN ENERGY PARTNERS, L.P. TO QUASH SUBPOENA SERVED BY THE ORANGE COUNTY WATER DISTRICT AND REQUEST FOR SANCTIONS; OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER**

PLEASE TAKE NOTICE that pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, Kinder Morgan Energy Partners, L.P. ("Kinder Morgan"), which is not a party in the

above-captioned underlying litigation pending in the United States District Court for the Southern District of New York, Case No. 04 Civ. 4968 (SAS), moves this Court to order Plaintiff in that matter, Orange County Water District, to immediately withdraw, in its entirety, the subpoena to testify at a deposition and to produce documents in a civil action issuing from this Court and for sanctions against the Orange County Water District and/or its counsel. The Subpoena was served upon non-party Kinder Morgan on August 24, 2010 and commands appearance at a deposition and production of documents on August 30, 2010. The Subpoena should be quashed because it fails to provide Kinder Morgan with a reasonable time for compliance, as required by Rule 45, it imposes an undue burden on Kinder Morgan, Orange County Water District has lost its right to conduct discovery at this late stage and the Subpoena as issued would require the disclosure of confidential commercial information. In addition, the Subpoena should be quashed on the ground that it was issued from the wrong district court. In the alternative, Kinder Morgan seeks a protective order pursuant to FRCP 26(c) based on the same grounds. Finally, Kinder Morgan requests an award of sanctions pursuant Rule 45(c)(1). The factual and legal grounds for this Motion are more fully set forth in the accompanying brief, which is incorporated by reference herein.

WHEREFORE, Kinder Morgan prays that this Court quash the Orange County Water District's Subpoena in its entirety.

DATED: August 27, 2010

REED SMITH LLP

By ______________________
John Lynn Smith
Julia Butler
Attorneys for Kinder Morgan Energy Partners, L.P.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS

Page

I . INTRODUCTION .......... 1

II . FACTUAL BACKGROUND .......... 1

III . LEGAL ANALYSIS .......... 3

A. OCWD's Subpoena Does Not Allow a Reasonable Time to Comply .......... 3

B. OCWD's Last-Minute Subpoena Subjects Kinder Morgan to Undue Burden Because It Requires Hundreds of Personnel Hours to Comply With It .......... 5

C. OCWD Lost Its Right to Seek Discovery From Kinder Morgan By Its Failure to Move to Compel Compliance with the 2009 Subpoena .......... 7

D. OCWD's Subpoena Improperly Seeks Confidential Information of Commercial Value And As Such The Subpoena Must Be Quashed .......... 8

E. The Subpoena Was Issued by the Wrong Court in Violation of Federal Rule of Civil Procedure 45(a)(2)(B)-(C) .......... 10

F. Sanctions Are Appropriate for OCWD's Egregious Subpoena .......... 11

IV . CONCLUSION .......... 12

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TABLE OF AUTHORITIES

### CASES

Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999) ....9, 10

Cohen v. City of New York, 255 F.R.D. 110 (S.D. N.Y. 2008) ....8, 9

Cooper Health System v. Virtua Health, Inc., 259 F.R.D. 208 (D. N.J. 2009) ....10

DeKalb Genetics Corp. v. Pioneer Hi-Bred Int'l, No. 98 C 50186, 2002 WL. 318129 (N.D. Ill. Feb 28, 2002) ....10

Fox v. Traverse City Area Public Schools Board of Education, 2009 U.S. Dist. LEXIS 18095 (D. Mi. 2009) ....4, 5

In re Northshore Univ. Healthsystem, 254 F.R.D. 338 (N.D.Ill. 2008) ....10

In re Silicone Gel Breast Implants Products Liability Litigation, No. 92-P-10000S, 1996 WL. 1358526 (N.D.Ala. April 11, 1996) ....9

In re: Stratosphere Corporation Securities Litigation, *183* F.R.D. *684 (D. Nev. 1999)* ....5

In Re: Sulfuric Acid Antitrust Litigation, *231* F.R.D. *320 (N.D. Ill. 2005)* ....5

Integra Lifesciences I, Ltd. v. Merck KgaA, 190 F.R.D. 556 (S.D. Cal. 1999) ....8

Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854 (7th Cir. 1994) ....9

Moon v. SCP Pool Corp., 232 F.R.D. 633 (C.D. Cal. 2005) ....6

Paul v. Stewart Enterprises Inc., *2000* U.S. Dist. LEXIS *12026, 2000* WL. *1171120 (E.D. La. 2000)* ....5

Rice v. United States, 164 F.R.D. 556 (N.D. Okla. 1995) ....8

Scanlon v. Life Ins. Co. of North America, 2008 U.S. Dist. LEXIS 108045 (W.D. Wash. Dec. 12, 2008) ....6

Theofel v. Farey-Jones, 341 F.3d 978 (9th Cir. 2003) ....12

U.S. v. Woods, 931 F. Supp. 433 (E.D. VA. 1996) ....4, 5

United States v. Phillip Morris Inc., *312* F. Supp. 2d *27 (D.D.C. 2004)*....5

**STATUTES**

49 U.S.C. § 16103....9

Fed. R. Civ. Proc. 26....10

Fed. R. Civ. Proc. 26(c)....9

Fed. R. Civ. Proc. 26(c)(1)(G)....10

Fed. R. Civ. Proc. 45....4, 5, 8, 11

Fed. R. Civ. Proc. 45(c)....4

Fed. R. Civ. Proc. 45(c)(2)(B)....5

Fed. R. Civ. Proc. 45(c)(2)(B)(i)....8

Fed. R. Civ. Proc. 45(a)(2)(B)-(C)....11

Fed. R. Civ. Proc. 45(c)(1) 6, 11, 12

Fed. R. Civ. Proc. 45(c)(3)(A)....4

Fed. R. Civ. Proc. 45(c)(3)(A)(i)....3, 4, 5

Fed. R. Civ. Proc. 45(c)(3)(A)(iv)....6, 7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I. INTRODUCTION

Plaintiff Orange County Water District ("OCWD") served non-party Kinder Morgan Energy Partners, L.P. ("Kinder Morgan") with a subpoena for a deposition on twenty-two topics and nineteen broad categories of documents allowing three business days to comply prior to the date it unilaterally set for the deposition. A subpoena served on such short notice and that creates such a burden on a non-party is a clear violation of Federal Rule of Civil Procedure 45 which gives the Court the power to quash the subpoena in its entirety. In addition, the subpoena seeks confidential commercial and sensitive documents and the subpoena may also be quashed on these grounds. To add to the injustice, OCWD served Kinder Morgan with an identical subpoena over eighteen months ago, but after Kinder Morgan served written objections to that subpoena, OCWD failed to pursue collection of the documents or the taking of the deposition and in fact made no further contact with Kinder Morgan. Because OCWD never moved to compel compliance with the 2009 subpoena and because discovery in the underlying matter cuts off on August 31, OCWD has lost the right to seek any discovery from Kinder Morgan. Moreover, the Subpoena is invalid as it was issued in the improper district. Under these unusual circumstances, the subpoena must be quashed in accordance with Rule 45.

## II. FACTUAL BACKGROUND

In its lawsuit, Plaintiff Orange County Water District ("OCWD") sued various refiners for alleged contamination to its water supply by MTBE. Non-party Kinder Morgan Energy Partners, L.P. ("Kinder Morgan") is in the business of, among other things, transporting and storing petroleum products via regulated common carrier pipelines and tank storage facilities; Kinder Morgan does not refine, produce or own the product that it transports and/or stores. *See* Declaration of Julia C. Butler filed concurrently herewith ("Butler Decl."), ¶ 2. SFPP, L.P. owns and operates a terminal in Orange, California which is the subject of the subpoena at issue herein. *Id.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Over eighteen months ago, in January 2009, OCWD served a subpoena on Kinder Morgan Energy Partners, L.P. ("Kinder Morgan") requesting a deposition of its person most knowledgeable on twenty-two topics and nineteen categories of documents ("January 2009 Subpoena"). *See* Butler Decl., ¶ 3, Ex. A. In response, after asking OCWD's counsel to reduce the scope of the burdensome subpoena and re-issue it to SFPP, L.P., the entity that owns and operates the terminal that is the subject of the subpoena, Kinder Morgan served written objections to the January 2009 Subpoena. Butler Decl., ¶ 3, Ex. B. Not only did OCWD never contact Kinder Morgan again about the January 2009 Subpoena or re-issue it to SFPP, L.P., it also never moved to compel compliance with the subpoena after receipt of the objections or seek to further meet and confer. Butler Decl., ¶ 3.

Instead on August 24, 2010, OCWD served a subpoena on Kinder Morgan Energy Partners, L.P. identical to the one it served in January, 2009, but issued the subpoena out of two different districts of the United States District Court: the Eastern District of California and the District of Delaware ("2010 Subpoena")[1]. Butler Decl., ¶ 4, Ex. C. The subpoena demands a deposition of the person most knowledgeable at Kinder Morgan on *twenty-two* (22) topics and the production of *nineteen* (19) categories of documents. Butler Decl., ¶ 5. The majority of the deposition topics ask for a person most knowledgeable to testify about events, documents and company practices reaching back more than twenty years from 1986 to the present. *Id.* The deposition topics range in detail from "identify all refineries which have or had the ability to ship gasoline to the ORANGE COUNTY TERMINAL since 1986" to "identify all position holders for GASOLINE STORAGE TANKS at the ORANGE COUNTY TERMINAL since 1986" to the explanation of various reports. *Id.*

When viewing the nineteen categories of documents together, they seek many different types of document relating to the movement of gasoline in and out of the terminal from 1986 to 2003 – a seventeen year time period. *Id.* For example, the 2010 Subpoena asks for "a copy of each and every

[1] Kinder Morgan has filed a motion to quash in each District.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

invoice, meter ticket, loading ticket, billing statement, and/or accounting YOU sent for pipeline deliveries of gasoline from 1986 to 2003" by 25 different entities and a copy of various reports spanning from 1986 to 2003. *Id.*

The 2010 Subpoena sets the deposition for August 30, 2010 giving non-party Kinder Morgan a mere *three* business days to purportedly collect nineteen categories of documents relating to the movement of millions of barrels of gasoline in and out of a terminal from 1986 to 2003 – a seventeen year time period -- and to prepare corporate witnesses for a deposition on twenty-two topics of information which would necessarily include a review of the voluminous documents requested. Butler Decl., ¶¶ 5 and 6. In addition, many of the documents and information sought by the 2010 Subpoena is available from the parties to the action. As explained in more detail below, three business days is a patently unreasonable amount of time to respond to such a broad and unduly burdensome subpoena. Moreover, the 2010 Subpoena is invalid as it was issued in the incorrect district and OCWD waived its right to seek such documents when it failed to move to compel compliance with the 2009 Subpoena. In addition, the Subpoena seeks confidential commercial documents that necessitate a protective order. Thus, the Court must quash the 2010 Subpoena.

## III. LEGAL ANALYSIS

### A. OCWD's Subpoena Does Not Allow a Reasonable Time to Comply

Federal Rule of Civil Procedure 45(c)(3)(A)(i) requires this Court to quash or modify OCWD's 2010 Subpoena because it fails to allow a *reasonable* time for Kinder Morgan, a non-party, to comply with its extensive discovery demands. This Federal Rule allows the court to quash or modify a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. Proc. 45(c)(3)(A)(i).[2] This is such a case. OCWD's 2010 Subpoena patently violates that requirement by

2 Rule 45 sets forth when a court "must" quash a subpoena served on a non-party, as well as when a court "may" quash such a subpoena. Fed. R. Civ. P. 45(c)(3)(A) ("When Required") and (B) ("When Permitted").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

expecting Kinder Morgan to respond to its voluminous discovery requests within an unreasonably short time to comply. The Federal Rules of Civil Procedure protect non-parties, such as Kinder Morgan, from having to respond to extensive and burdensome discovery requests on a short time-frame. *See, e.g., Fox v. Traverse City Area Public Schools Board of Education*, 2009 U.S. Dist. LEXIS 18095, * (D. Mi. 2009); *U.S. v. Woods*, 931 F.Supp. 433, 442 n.3 (E.D. VA. 1996) (subpoenas served seven days before compliance date did not provide reasonable time to comply). Rule 45 is designed to protect non-parties from misuse of subpoena power. *See* FRCP 45(c) advisory committee note. Given OCWD's unreasonably short time period for Kinder Morgan to comply with its 2010 Subpoena, court intervention is warranted to prevent this blatant misuse of the subpoena power.

Served on August 24, 2010, OCWD's 2010 Subpoena commands Kinder Morgan to produce four business days later, its person most knowledgeable to testify on *twenty-two* "designated issues" which range from an explanation of the "Accumulated Shipper of Record Totals Report" to the location of all gasoline distribution facilities and the dates when the gasoline storage tanks were built and became operational. In addition, the 2010 Subpoena asks for all documents relating to *nineteen* separate categories of documents, including for example "a copy of each and every invoice, meter ticket, loading ticket, billing statement and /or accounting ... sent for pipelines deliveries of gasoline," spanning seventeen years. It is simply impossible for Kinder Morgan to produce all responsive and non- privileged documents to OCWD's 2010 Subpoena *4 business days* later *by August 30, 2010*; and to be obliged to produce Kinder Morgan's "person most knowledgeable" on twenty-two different topics for deposition on that same date; notably those deposition topics include familiarity with the documents to be produced.

Facially, OCWD's 2010 Subpoena is unreasonable. Basic common sense, if not fundamental fairness, dictates that three business days cannot be a reasonable period of time to comply with a subpoena. *Fox*, 2009 U.S. Dist. LEXIS 18095 at *3. "Two business days, more or less, even with the intervening weekend, is not an adequate period of time to comply with a subpoena." *Id.*; *see*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*also, e.g., United States v. Woods, 931 F.Supp. 433, 442 n.3 (E.D. Va. 1996)* (obtaining subpoenas seven days before the hearing did not allow a reasonable enough time to comply); *United States v. Phillip Morris Inc., 312 F.Supp. 2d 27 (D.D.C. 2004)* (three business days notice for busy professionals is not reasonable); *In re: Stratosphere Corporation Securities Litigation, 183 F.R.D. 684, 687 (D. Nev. 1999)* (six days notice not reasonable); *In Re: Sulfuric Acid Antitrust Litigation, 231 F.R.D. 320, 327 (N.D. Ill. 2005)* (10 days unreasonable in a complex case); *Paul v. Stewart Enterprises Inc., 2000 U.S. Dist. LEXIS 12026, 2000 W.L. 1171120 (E.D. La. 2000)* [*4] (one business day's notice is clearly unreasonable in light of the requirement in *Rule 45(c)(2)(B)* that a subpoenaed person be permitted fourteen days to object). As these cases make clear, contrary to FRCP 45, OCWD did not afford Kinder Morgan an adequate amount of time to comply with the Subpoena.

Kinder Morgan estimates that it would take at least 4 - 6 weeks if not more to even identify and locate responsive materials that are contained in the 2010 Subpoena that span a seventeen-year period dating back *twenty-four* years. Butler Decl., ¶ 7. Counsel for Kinder Morgan will then be obliged to review the requested materials for the purpose of identifying documents that are protected by the work-product doctrine or attorney-client privilege, which task will necessarily involve further time and expense. Butler Decl., ¶ 7.

Under these unique circumstances, this Court must quash OCWD's subpoena because it fails to allow a reasonable time to comply with its onerous demands. Fed. R. Civ. Proc. 45(c)(3)(A)(i).

**B. OCWD's Last-Minute Subpoena Subjects Kinder Morgan to Undue Burden Because It Requires Hundreds of Personnel Hours to Comply With It**

Similarly, this Court *must* quash OCWD's 2010 Subpoena because it subjects Kinder Morgan to undue burden. Fed. R. Civ. Proc. 45(c)(3)(A)(iv). Rule 45 of the Federal Rules of Civil Procedure imposes an affirmative duty upon named parties to litigation to "take reasonable steps to

avoid imposing undue burden or expense on a person subject to [a] subpoena" and requires the Court to quash any subpoena that imposes an undue burden. Fed. R. Civ. P. 45(c)(1), (c)(3)(A)(iv). In assessing the reasonableness of a subpoena, courts evaluate, among other factors, the breadth of the document request, the time period the request covers, the particularity with which documents are described and the burden imposed on the subpoenaed entity. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (finding subpoena imposed an undue burden, that the requests were "overbroad on their face and exceed the bounds of fair discovery" since they sought information for a ten year or greater time-period and otherwise sought more information than was directly at issue in the litigation); *Scanlon v. Life Ins. Co. of North America*, 2008 U.S. Dist. LEXIS 108045 *8 (W.D. Wash. Dec. 12, 2008). The Court's inquiry is particularly exacting when the subpoena seeks testimony or documents from a non-party. *Moon*, 232 F.R.D. at 637.

Applying these factors to the instant situation, it is clear that OCWD's subpoena is overbroad on its face, imposes an undue burden on Kinder Morgan and must be quashed. Both the deposition topics and the categories of documents to produce are broad. The deposition topics address a range of knowledge of the working of the terminal – from when it began operating, the lease/ownership history of the tanks, the identity of all of the terminal's customers and knowledge of various historical documents used at the terminal. Examples of the requested documents include maps, reports, customer lists, product codes and every invoice, bill of lading and other similar documents.

The time period covered by the deposition topics and document requests is lengthy. The time period for each of the deposition topics is twenty-four years (1986 to the present) and the time period for the document requests spans seventeen years (1986 to 2003).

The burden imposed on Kinder Morgan by the 2010 Subpoena is great. Kinder Morgan estimates that hundreds of personnel hours will be required to comply with the subpoena; not only is this is a great amount of time but it is also time these personnel will spend away from performing their regular job duties. Butler Decl., ¶ 8. In addition, Kinder Morgan will likely incur out-of-

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

pocket costs to respond to the subpoena such as attorney's fees, storage fees and copying costs. *Id.*

Moreover, many of the documents and the information contained therein are available from parties to the action who shipped their product into the terminal in Orange County, California.

Thus, the breadth of the document requests and deposition topics, the extensive period of time covered by the 2010 Subpoena, the heavy burden imposed on Kinder Morgan and the ability to obtain much of the requested information from parties to the action clearly demonstrates that the 2010 Subpoena is unduly burdensome, contrary to Federal Rule of Civil Procedure 45(c)(3)(A)(iv).

OCWD's Subpoena imposes an astounding burden on Kinder Morgan in an almost unbelievably short period of time: three business days. Further, the unreasonably short time period is apparently intended to meet a discovery cut-off date that has been well known to OCWD for months if not more than a year. Butler Decl., ¶ 9. Thus, this Court must quash the 2010 Subpoena because of the described undue burden it imposes on a non-party.

**C. OCWD Lost Its Right to Seek Discovery From Kinder Morgan By Its Failure to Move to Compel Compliance with the 2009 Subpoena**

The 2009 Subpoena is identical to the 2010 Subpoena. Kinder Morgan served written objections to the Deposition Topics and Document Categories to the 2009 Subpoena. Butler Decl., Ex. B. After receipt of the 2009 Objections, OCWD did not move to compel compliance with the Subpoena or seek to meet and confer about the objections. Butler Decl., ¶ 3.

Although Federal Rule of Civil Procedure 45(c)(2)(B)(i) allows the serving party to move for an order compelling compliance "at any time," the OCWD is out of time to do so. Kinder Morgan is informed that the discovery cut-off in this case is August 31, 2010. Butler Decl., ¶ 9. The OCWD has known of Kinder Morgan's objections for over eighteen months and has thus had more than

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ample time to meet and confer with Kinder Morgan about those objections and move for an order compelling compliance. But OCWD did neither. And now there is not adequate time or good cause for a court to allow all parties to brief the issue and compel compliance prior to the discovery cut-off. Once discovery cuts off, a party is not allowed to conduct any further discovery, and that includes taking a deposition and requesting documents. *See Rice v. United States*, 164 F.R.D. 556 (N.D. Okla. 1995); *Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556 (S.D. Cal. 1999). As such, the OCWD has lost the right to seek any discovery from Kinder Morgan.

**D. OCWD's Subpoena Improperly Seeks Confidential Information of Commercial Value And As Such The Subpoena Must Be Quashed**

Rule 45 provides, "[t]o protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash . . . the subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ.P. 45(c)(3)(B)(i). Accordingly, the Court should also quash the 2010 Subpoena pursuant to Fed. R.Civ.P. 45(c)(3)(B)(i) because it seeks information which is subject to protection from discovery because of its confidential nature and commercial value. *Cohen v. City of New York* 255 FRD 110, 118–119 (S.D. N.Y. 2008).

When the dissemination of confidential information will place the producing party at a competitive disadvantage, the court should protect that information because of its commercial value. *Id.* Even where it may not involve competitive risk, courts should not enforce subpoenas where the propounding party requests information that the producing party has accumulated through its own time and effort. *Id.* The producing party should not be expected to turn that information over without adequate compensation. *In re Silicone Gel Breast Implants Products Liability Litigation,* No. 92-P-10000S, 1996 WL 1358526 (N.D.Ala. April 11, 1996).

Here, OCWD seeks information that is sensitive and of commercial value such as the date,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

volume and frequency of pipeline shipments by various customers.[3] In fact, Kinder Morgan and SFPP are prohibited from disclosing this type of information by federal law because SFPP operates a common carrier pipeline. 49 U.S.C. § 16103 prohibits Kinder Morgan, and any of its officers, agents, or employees, from knowingly disclosing to another person, except the shipper or consignee, information about the nature, kind, quantity, destination, consignee, or routing of property tendered or delivered to that carrier for transportation, without the shipper or consignee's consent. This Court should quash OCWD's 2010 Subpoena because it seeks such information as well as documents that are proprietary, commercially sensitive, trade secret, confidential, private or otherwise protected from disclosure. Additionally, this Court should quash OCWD's subpoena because Kinder has accumulated this information, dating back twenty-four years, through its own time and effort.

If this Court does not quash the 2010 Subpoena in its entirety as is appropriate under these circumstances, Kinder Morgan respectfully requests that this Court enter a protective order. Pursuant to FRCP 26(c), the Court may enter a protective order upon a showing of "good cause." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999); *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). "The inability of non-parties to maintain continuing control over their confidential commercial documents and the minimal public need for such documents enables non-parties to show good cause for a protective order." *In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 341 (N.D.Ill. 2008) (granting a protective order because competitors could be become privy to confidential information). Further, FRCP 26(c)(1)(G) permits a court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense," including "requiring that confidential information may not be revealed or be revealed only in a specified way." Kinder Morgan's property and privacy interests present good cause for a protective order. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

---

3 Kinder Morgan's objections to the 2009 Subpoena designate which categories of requested documents seek confidential commercial and sensitive information. *See* Butler Decl., Ex. B.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Kinder Morgan has a reasonable and significant interest in protecting from public disclosure its confidential or proprietary information. Specifically, any of Kinder Morgan's competitors could unfairly become privy to Kinder Morgan's confidential information if it is forced to comply with OCWD's Subpoena without any added protection. *See e.g.*, *DeKalb Genetics Corp. v. Pioneer Hi-Bred Int'l*, No. 98 C 50186, 2002 WL 318129, at * 2 (N.D. Ill. Feb 28, 2002) (granting a competitor's motion to compel third party license agreements subject to a protective order because the previous order insured "that sensitive business information . . . will be protected from use by competing parties"). Such a circumstance clearly supports entry of a protective order prior to production of the requested subpoenaed documents and deposition. *Second*, because Kinder Morgan is a non-party, it cannot maintain continuing control over its confidential, commercial documents. *See e.g. In re Northshore Univ. Healthsystem,* 254 F.R.D. at 341.

The scope of Federal Rule of Civil Procedure 26 "is not unlimited and may be circumscribed." *Cooper Health System v. Virtua Health, Inc.,* 259 F.R.D. 208, 213, 216 (D. N.J. 2009). Consequently, this Court should enter a protective order which shields Kinder Morgan's confidential commercial information in the event it does not quash Kinder Morgan's Subpoena in its entirety for the reasons established in this Motion to Quash. Moreover, based on the objections to the 2009 Subpoena, in the event this Court does not quash the 2010 Subpoena in its entirety, there is good cause to issue a protective order appropriately narrowing the scope and limiting the burden of the 2010 Subpoena.

**E. The Subpoena Was Issued by the Wrong Court in Violation of Federal Rule of Civil Procedure 45(a)(2)(B)-(C)**

Rule 45 requires a subpoena to issue from the court for the district in which the deposition is to be taken – even if the subpoena also requests records. *See* Fed. R. Civ. Proc. 45(a)(2)(B)-(C). Here, OCWD's subpoena is issued by the *Eastern* District of California. The subpoena sets Fountain Valley, California in the County of Orange as the place for the deposition, but Orange

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

County, California is not located in the Eastern District. United States District Court, Eastern District of California, *What Counties Are Served by this District?* http://www.caed.uscourts.gov/caed/staticOther/page_1106.htm (last visited August 26, 2010) (listing Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare and Tuolumne. Alpine, Amador, Butte, Colusa, El Dorado, Glenn, Lassen, Modoc, Mono, Nevada, Placer, Plumas, Sacramento, San Joaquin, Shasta, Sierra, Siskiyou, Solano, Sutter, Tehama, Trinity, Yolo, and Yuba). Additionally, Kinder Morgan's offices are located in Orange County and the terminal in question is also located in Orange County. Butler Decl., ¶ 2. In short, the subpoena should have been issued by the *Central* District of California – not the Eastern. Consequently, the Subpoena is null and void.

### F. Sanctions Are Appropriate for OCWD's Egregious Subpoena

Rule 45 provides that the party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. Proc. 45(c)(1). "The issuing court *must enforce this duty and impose an appropriate sanction* – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." *Id.* (emph. added). The public policy behind this rule is clear, and parties issuing third party subpoenas must therefore exercise careful judgment about the scope of the subpoena:

> The subpoena power is a substantial delegation of authority to private parties, and ***those who invoke it have a grave responsibility to ensure it is not abused***. Informing the person served of his right to object is a good start ... but it is ***no substitute for the exercise of independent judgment about the subpoena's reasonableness.***

*Theofel v. Farey-Jones*, 341 F.3d 978, 984 (9th Cir. 2003) (emph. added).

Here, no such judgment or restraint was shown. For the reasons stated above, the Subpoena seeks corporate designees as the "person most knowledgeable" at Kinder Morgan for over twenty-two categories of information, seeks documents relating to nineteen categories spanning seventeen

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

years, is overbroad and burdensome. OCWD's counsel began this process over eighteen months ago, and dropped the matter after Kinder Morgan served its objections to these incredibly broad and burdensome requests. Nonetheless, OCWD served Kinder Morgan with the Subpoena only three business days before the date designated for deposition.

As will be set forth in the forthcoming documentation, Reed Smith attorneys have expended significant time responding to the improper Subpoena. This Court should impose an appropriate sanction on OCWD and its attorneys of record for their clear violation of Rule 45, and reimburse Kinder Morgan the reasonable value of the fees. *See* Fed. R. Civ. Proc. 45(c)(1).

## IV. CONCLUSION

OCWD's subpoena only allows three business days for Kinder Morgan to prepare and produce corporate designees to testify regarding twenty-two topics and produce documents in response to nineteen broad categories. Both the deposition topics and document requests cover overly broad time frames – seventeen years for the document requests and twenty-four years for the deposition topics. The subpoena clearly imposes an undue burden on Kinder Morgan. In addition, the OCWD has lost its right to seek any discovery from Kinder Morgan because it failed to move to compel after Kinder Morgan objected to 2009 Subpoena. Moreover, the Subpoena is invalid because it was issued in the wrong district court. Therefore, there are ample grounds upon which to quash the subpoena and Kinder Morgan requests the Court to do so.

DATED: August 27, 2010

REED SMITH LLP

By [signature]
John Lynn Smith
Julia Butler
Attorneys for Kinder Morgan Energy Partners, L.P.

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 101 Second Street, Suite 1800, San Francisco, CA 94105-3659. On August 27, 2010, I served the following document(s) by the method indicated below:

**NON-PARTY KINDER MORGAN ENERGY PARTNERS, L.P.'S NOTICE OF MOTION AND MOTION TO QUASH THE SUBPOENA SERVED BY THE ORANGE COUNTY WATER DISTRICT AND REQUEST FOR SANCTIONS OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**DECLARATION OF JULIA BUTLER IN SUPPORT OF NON-PARTY KINDER MORGAN ENERGY PARTNERS, L.P.'S MOTION TO QUASH THE SUBPOENA SERVED BY THE ORANGE COUNTY WATER DISTRICT AND REQUEST FOR SANCTIONS OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER**

**[PROPOSED] ORDER QUASHING ORANGE COUNTY WATER DISTRICT'S SUBPOENA TO NON-PARTY KINDER MORGAN ENERGY PARTNERS, L.P.**

☐ by transmitting via facsimile on this date from fax number +1 415 391 8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

☒ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) [via First Legal Support Services] to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) [via First Legal Support Services] listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via email to the parties at the email addresses listed below:

Tracey L. O'Reilly
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California 95825

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on August 27, 2010, at San Francisco, California.

Sandra A. Lasarte

REED SMITH LLP
A limited liability partnership formed in the State of Delaware